IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| RICKY NELSON NELMS, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No. 7:14cv00649 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| LARRY T. EDMONDS, | ) | By: Michael F. Urbanski |
| Respondent. | ) | United States District Judge |

Petitioner Ricky Nelson Nelms, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2012 convictions and sentence in the Amherst County Circuit Court. Upon review of the record, the court finds that Nelms' petition is untimely filed and that Nelms has not demonstrated any ground for equitable tolling. Therefore, the court will dismiss his petition.

I.

On April 25, 2012, the Amherst County Circuit Court entered judgment against Nelms, convicting him of four counts of obtaining money by false pretenses and sentencing him to 40 years of incarceration, with 36 years suspended. Nelms did not appeal. Nelms filed a habeas petition in the Supreme Court of Virginia on August 7, 2014, and the court dismissed his petition on September 23, 2014 and refused rehearing on January 14, 2015. Nelms filed the instant § 2254 habeas petition on November 26, 2014. The court conditionally filed Nelms' petition, advised him that the petition appeared to be untimely filed, and gave him an opportunity to respond to the court regarding the timeliness of his petition.

II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C.

§ 2244(d).[1] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1).

Under § 2244(d)(1)(A), Nelms' conviction became final on May 25, 2012, when his time to file an appeal to the Court of Appeals of Virginia expired. Therefore, Nelms had until May 27, 2013 to file a timely federal habeas petition. Nelms did not meet this deadline; in fact, by that date, Nelms had yet to file his state habeas petition.[2] Accordingly, Nelms' petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.[3]

In response to the court's conditional filing order, Nelms alleges that he cannot read or write and, therefore, was "unable to read or understand [his] rights and the situation at

---

[1] Under 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). Here, Nelms has alleged nothing to support the application of § 2244(d)(1)(B)-(D).

[2] Nelms' one-year limit had already run by the time he filed his state habeas petition in the Supreme Court of Virginia; therefore, Nelms' state petition afforded him no tolling under § 2244(d)(2).

[3] A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris, 209 F.3d at 330). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. N.J. State Dep't of Corrs., 145 F.3d 616, 617 (3d Cir. 1998)).

hand . . . ." However, Nelms' illiteracy is an insufficient basis to equitably toll the statute of limitations. See Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or *pro se* status does not toll limitations period). Accordingly, the court finds that Nelms has not demonstrated any grounds for equitable tolling and, thus, his petition is untimely filed.

    Entered: February 2, 2015

*Michael F. Urbanski*

Michael F. Urbanski
United States District Judge